**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PETER JAMES BRUSH,

     Plaintiff-Appellant,

v.

MIKE BURGESS and TERRAL
PERRY,

     Defendants-Appellees.

No. 05-6301

(D.C. No. CIV-04-0491-HE)
(W. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Peter Brush, an Oklahoma state prisoner appearing pro se, appeals the district court's grant of summary judgment in favor of Custer County Sheriff

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mike Burgess and Undersheriff Terral Perry on Brush's 42 U.S.C. § 1983 complaint. Brush primarily alleged that: (1) Sheriff Burgess and Undersheriff Perry were deliberately indifferent to his safety in violation of the Eighth and Fourteenth Amendments because an inmate assaulted him while he was in custody as a pretrial detainee at the Custer County Jail; and (2) his placement in segregation at the Clinton City Jail following the assault violated his Fourteenth Amendment due process and equal protection rights. Brush requested actual and punitive damages for his injuries, as well as an order capping the Custer County Jail population and requiring additional personnel and cameras to monitor the cell blocks. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

On April 20, 2003, during Brush's pretrial detainment at the Custer County Jail, Brush suffered wounds to his face and head as a result of an altercation with another inmate over a food tray. The jail officer on duty instructed both inmates to stop fighting, but was forced to call for back-up in order to subdue them. After Brush received medical treatment at a local hospital, he was transferred to the Clinton City Jail. Brush was placed in segregation at the Clinton City Jail for approximately three weeks.[1]

---

[1]     The record reflects that Brush is currently incarcerated at the Howard McLeod Correctional Center in Atoka, Oklahoma.

II.

"We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court." Bennett v. Coors Brewing Co., 189 F.3d 1221, 1227 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The magistrate judge issued a report and recommendation, recommending the entry of summary judgment in favor of Sheriff Burgess and Undersheriff Perry in their official and individual capacities. Specifically, the magistrate judge concluded that Brush did not establish that Sheriff Burgess and Undersheriff Perry were deliberately indifferent to his safety because Brush never informed them that he feared for his safety, Brush's allegation that the other inmate had a violent history was conclusory, and Brush acknowledged in deposition that the fight "was spur of the moment." Additionally, the magistrate judge reasoned that Brush failed to offer evidence connecting the wrongs he complained of to a custom or policy of Custer County. As regards Brush's due process and equal protection claims, the magistrate judge noted that Brush's summary judgment response brief made only a single reference to his brief segregation at the Clinton City Jail, and thus, Brush failed to provide sufficient factual support and

-3-

argument for his claims. Lastly, the magistrate judge concluded that Brush's claims for injunctive relief were moot because he no longer resided at the Custer County Jail. After conducting a de novo review, the district court adopted the report and recommendation of the magistrate judge.

On appeal, Brush raises only two arguments.[2] First, Brush argues that Sheriff Burgess and Undersheriff Perry violated his due process rights when they failed to house him separately from the inmate who assaulted him. Brush claims that the Custer County Jail's policy mandates that "unsentenced prisoners shall be separated from sentenced prisoners." He suggests that the assault would not have occurred if Sheriff Burgess and Undersheriff Perry had followed this policy because the inmate who assaulted him was a sentenced prisoner. We reject Brush's argument because the Custer County Jail policy does not require pretrial detainees to be separated from sentenced prisoners. The applicable regulation provides: "Unsentenced prisoners shall be separated from sentenced prisoners, *to the extent possible*, and shall be permitted whatever confinement is least restrictive unless prisoner behavior or other security considerations dictate otherwise." Okla. Admin. Code § 310:670-5-5 (2005) (emphasis added).[3] Further, we note that Brush does not claim that Sheriff Burgess or Undersheriff

_____

[2]  We agree with the magistrate judge's application of the law and facts as to the claims Brush failed to raise on appeal.

[3]  The record indicates that the Custer County Jail utilizes this regulation as part of its policy and procedure regarding minimum jail standards.

Perry disregarded this regulation or otherwise failed to make a good faith effort to place him with other pretrial detainees.

Second, Brush contends that Sheriff Burgess and Undersheriff Perry violated his due process and equal protection rights because he was neither advised of the reasons for his three weeks of administrative segregation at the Clinton City Jail, nor afforded an opportunity to challenge the propriety of his placement in segregation. In response, Sheriff Burgess and Undersheriff Perry assert that these claims must be dismissed for lack of personal participation. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) ("Personal participation is an essential allegation to a § 1983 claim.") (quotation omitted). We agree. Brush has not alleged that Sheriff Burgess and Undersheriff Perry operated or maintained the Clinton City Jail, let alone that either officer made the decision to place him in segregation at the Clinton City Jail. Rather, Brush has only alleged that Sheriff Burgess and Undersheriff Perry were responsible for the supervision of the Custer County Jail.

AFFIRMED. We further remind Brush that he remains obligated to pay the appellate filing fee as required by 28 U.S.C. § 1915.

Entered for the Court


Mary Beck Briscoe
Circuit Judge


-5-